NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA as subrogee of Genova, Burns & Giantomasi<br><br>Plaintiff,<br><br>v.<br><br>CORONATION SHEET METAL CO., INC.,<br><br>Defendant. | Civil Action No. 12-7603 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Coronation Sheet Metal Co., Inc. ("Coronation" or "Defendant")'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The Court has considered the submissions made in support of and in opposition to Defendant's motion and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion is **DENIED**.

**I.  BACKGROUND**

The Travelers Indemnity Company of America ("Plaintiff" or "Travelers") is an insurance company that is incorporated and has its principal place of business in Connecticut. (*See* CM/ECF No. 18.) At all relevant times, Plaintiff insured property (the "Property") in Newark, New Jersey belonging to the law firm of Genova, Burns & Giantomasi ("Genova"), Plaintiff's subrogor. (*See* Compl. ¶ 2.)

1

Defendant is a New Jersey corporation with its principal place of business in Union, New Jersey. (Compl. ¶ 4.) Defendant is "in the business of supplying, installing, servicing, repairing, testing, inspecting and programming heating ventilation and air conditioning (hereinafter 'HVAC') systems and their component parts including, but not limited to, Freeze Stats." (*Id.* ¶ 5.)

On February 20, 2011, Defendant serviced the Property's HVAC system; thereafter, pipes burst at the Property causing water damage. (*Id.* ¶¶ 13-14.) Consequently, Plaintiff made payments to or on behalf of Genova in excess of $75,000. (*Id.* ¶ 14.)

On December 12, 2012, Plaintiff filed a complaint against Defendant as subrogee of Genova. According to Plaintiff, the water damage to the Property resulted from Defendant's negligence in "failing to observe and exercise a reasonable degree of care and skill in the supply, service, repair, inspection, testing, installation and/or programming of" the Property's HVAC system. (Compl. ¶¶ 16-21.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and thus may adjudicate cases and controversies only as permitted under Article III of the Constitution. U.S. Const. art. III, § 2; *see also Philadelphia Federation of Teachers v. Ridge*, 150 F.3d 319, 322-23 (3d Cir. 1998). "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). By contrast, on a factual attack to federal subject matter jurisdiction, courts may consider evidence outside the pleadings. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir.

2006) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Additionally, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Federal courts must dismiss a complaint if a plaintiff cannot establish the existence of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

As an initial matter, the Court notes that Defendant did not file a brief in support of its motion to dismiss. Local Civil Rule 7.1(d) requires submission of either a brief or a statement that no brief is necessary and the reasons therefor. Defendant failed to file either. On this basis alone, the Court could deny Defendant's motion. In the interest of expediency, however, the Court will decide Defendant's motion on its merits.

In its complaint, Plaintiff invokes the diversity jurisdiction statute, 28 U.S.C. § 1332, as the basis for federal subject matter jurisdiction. In relevant part, the diversity jurisdiction statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." *See* 28 U.S.C. § 1332. A corporate entity is considered a citizen of its state of incorporation and of the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

In this case, there is no dispute that the amount in controversy exceeds $75,000 and that there is diversity of citizenship between Travelers and Coronation. Nevertheless, as far as this Court can ascertain, Defendant argues that there is no diversity of citizenship between the parties

3

because Plaintiff's rights are no greater than those of Genova – which does business in New Jersey. (*See* Def. Counsel Cert. ¶¶ 6-8.) This argument lacks merit.

As Genova's subrogee, Plaintiff is entitled to seek recovery in its own name without adding any other party. *See, e.g., Nat'l Fire Ins. Co. v. Universal Janitorial Supply Corp.*, No. 05-5945, 2006 U.S. Dist. LEXIS 17211, at * 5-6 (D.N.J. Apr. 6, 2006) ("In the context of insurance subrogation cases, insurers who become subrogees of the rights of the insureds by the payment of claims are real parties in interest who may, in accordance with Rule 17(a) of the Federal Rules of Civil Procedure, prosecute actions to recover the amount of each claim in their own names.") (citing *United States v. Aetna Cas & Sur. Co.*, 338 U.S. 366, 380 (1949)). Although Genova is Plaintiff's subrogor, it is not itself a party to this litigation. Accordingly, Genova's citizenship is irrelevant to determining whether diversity jurisdiction exists. *See Universal Janitorial Supply Corp.*, 2006 U.S. Dist. LEXIS 17211, at *6 (holding that citizenship of subrogor was irrelevant to determining whether diversity jurisdiction existed because subrogor was not a party to the litigation); *see also Royal Ins. Co. v. United States*, 998 F. Supp. 351, 353 (S.D.N.Y. 1998) ("[I]t is the citizenship of the subrogee-insurer and not that of the insured which controls in analyzing whether parties are diverse.") (citing *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) (diversity jurisdiction based on citizenship of real party in interest)).

Because the amount in controversy in this case exceeds $75,000, and because there is complete diversity between the only litigants in this action—Travelers and Coronation, the Court is satisfied that federal subject matter jurisdiction exists under 28 U.S.C. § 1332. Accordingly, for the foregoing reasons,

**IT IS** on this 30 day of May, 2013

**ORDERED** that Defendant's motion to dismiss (CM/ECF No. 16) is **DENIED**.

4

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　JOSE L. LINARES
　　　　　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE